IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BAYLON HERMAN, next friend of )
Minor PH, )
                                 )     Case No.
     Plaintiff, )     Hon.
                                 )     Mag.
v. )
                                 )     **COMPLAINT AND**
AVONDALE SCHOOL DISTRICT,  and )     **JURY DEMAND**
JEFFREY SCOTT, )
In their individual and official capacity, jointly )
     and severally )
                                 )
     Defendants. )
_____ )

## INITIAL COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, BAYLON HERMAN, next friend of Minor PH (Minor PH hereinafter referred to as "Plaintiff"), through her attorney, Raquel Muñoz of VAHDAT WEISMAN LAW, and for their Initial Complaint and Jury Demand against Defendants AVONDALE SCHOOL DISTRICT (hereinafter "DISTRICT") and JEFFREY SCOTT (hereinafter "SCOTT"), states as follows:

## INTRODUCTION

JEFFREY SCOTT, was hired as a substitute teacher for Auburn Elementary School. His assault on Plaintiff's Minor occurred on school DISTRICT property during school hours while the DISTRICT was responsible for supervising and managing Defendant SCOTT in his role as a substitute teacher.

A school district, their employees, directors, and administrators, must be vigilant about protecting students from physical abuse perpetrated by other employees. The abuse at issue could have been prevented if the Defendant DISTRICT had properly trained, hired, supervised and managed Defendant SCOTT, their substitute educator employee. At a minimum, Defendant DISTRICT was consciously and recklessly indifferent.

Defendant Scott is responsible through his actions for making Plaintiff's Minor less safe. Defendant DISTRICT is responsible for having a Constitutionally deficient policy, custom and practice that was a driving force behind the constitutional violations. Further, said school district ratified the unconstitutional actions of the individually named Defendant SCOTT.

## **JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

3. The actions alleged in this Complaint took place within Washtenaw County, State of Michigan, and as such, jurisdiction lies int eh United States District Court for the Eastern District of Michigan.

4. Venue in this Court is proper under 28 U.S.C. § 1391 (d).

5. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interests, costs and attorney fees.

## **PARTIES**

6. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

7. At all times relevant, Plaintiff's Minor, PH, was a resident of Auburn Hills, County of Oakland, State of Michigan.

8. At all times relevant, BAYLON HERMAN, is the biological father of PH, a Minor, and is a resident of Auburn Hills, County of Oakland, State of Michigan.

9. At all times relevant, Defendant AVONDALE SCHOOL DISTRICT (hereinafter "DISTRICT") was and is a municipal corporation, duly organized and carrying out functions in Auburn Hills, State of Michigan. Its functions include: organizing, teaching, operating, staffing, training, and supervising the staff, counselors, and teachers at Auburn Elementary School.

10. Upon information and belief, at all times relevant hereto, Defendant JEFFREY SCOTT (hereinafter "SCOTT") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a substitute teacher for Auburn Elementary School within the AVONDALE SCHOOL DISTRICT.

## **FACTUAL STATEMENT**

11. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

12. At all material times, Plaintiff's Minor, PH, was a student attending elementary school in the DISTRICT.

13. At all material times, Defendant SCOTT acted as an agent and representative of Defendant DISTRICT.

14. On or about May 2, 2024, while Plaintiff was at school and on Defendant DISTRICK's premises, Defendant SCOTT physically battered and assaulted Plaintiff's Minor by pulling her hair and —with full force—pulling the hair beads out of Plaintiff's minor's hair; causing her to suffer injuries, including but not limited to head injury, back pain, anxiety and mental trauma.

15. Upon information and belief, and at all times relevant, Plaintiff's Minor was returning to class after the lunch recess.

4

16. Upon information and belief, fourth graders were in the fifth grade classroom and were being disruptive with one another.

17. Upon information and belief, and at all times relevant, Defendant SCOTT came over to Plaintiff's Minor, PH's desk and began to yell at Plaintiff's minor and bang on her desk.

18. Upon information and belief, and at all times relevant, after the yelling occurred, Plaintiff's Minor, PH, asked Defendant SCOTT several times if she could call her dad, to which Defendant SCOTT stated "no."

19. Upon information and belief, and at all times relevant, Plaintiff's Minor asked if she could go to the office and Defendant SCOTT refused to let her leave.

20. Upon information and belief, and at all times relevant, Defendant SCOTT did call someone at the office from his walkie talkie to come get Plaintiff's Minor.

21. Upon information and belief, and at all times relevant, Plaintiff's Minor, PH, walked over to the desk by the computer to call her dad.

22. At all times relevant, Defendant SCOTT followed Plaintiff's minor, and pulled her hair braids as she was attempting to call her dad.

23. At all times relevant, multiple students yelled "you can't do that to a kid" to which Defendant SCOTT stated "I don't care, she can be a kid but I'm not afraid to lose my job."

24. At no point did Plaintiff's Minor, PH, pose a threat to herself, others, or Defendant SCOTT.

25. Under all the circumstances known to Defendant DISTRICT, the physical force used against Plaintiff's Minor, by Defendant, SCOTT, was objectively unreasonable and clearly excessive.

26. At all times relevant hereto, Defendant DISTRICT, owed a duty to Plaintiff's Minor, PH, to ensure Defendant, SCOTT, exercised appropriate force and attempted to deescalate the situation.

27. At all times relevant, Defendant DISTRICT, had the opportunity to intervene and prevent the above described constitutional violations from occurring by properly hiring and training Defendant SCOTT to interact with students of Auburn Elementary School.

28. Upon information and belief, and at all times relevant, Defendant DISTRICT had a policy to allow staff at Defendant DISTRICT to inflict physical punishment.

29. Defendants, violated Plaintiff's Minor's clearly established right to be free from unreasonable and excessive use of force, unlawful detention, and wrongful restraint as guaranteed by the Fourth Amendment incorporated to

the states through the Fourteenth Amendment of the United States Constitution.

30. At all times relevant hereto Defendant SCOTT, repeatedly violated Plaintiff Minor's rights and used excessive force in violation of Plaintiffs' Fourth Amendment Rights.

31. The risk of harm that Defendant SCOTT posed to the students of Auburn Elementary School, including Plaintiff's Minor, PH, was obvious and known by all DEFENDANTS.

32. That Defendant DISTRICT herein made affirmative actions that created and increased the risk of harm and danger to Auburn Elementary School students, and in particular, Plaintiffs' Minor PH's vulnerability to the extremely violent behavior of Defendant SCOTT.

33. At all times pertinent hereto, DEFENDANT DISTRICT knew or should have known of Defendant SCOTT's incompetence and inability to control his emotions and or act in a professional capacity as a substitute teacher.

34. The Defendant DISTRICT failed to properly train, monitor, direct, discipline, and supervise their employees, and knew or should have known that the employees would engage in the complained of behavior given the improper

training, customs, procedures, and policies, and the lack of discipline that existed for employees.

35. Defendant SCOTT's conduct was outrageous and shocks the conscience.

36. Defendants are not entitled to governmental and/or qualified immunity.

37. This cause of action is brought against Defendants in their individual and official capacities.

38. The conduct of Defendants amounted to a deliberate indifference to a risk of injury to Plaintiff's minor.

39. The conduct of Defendants was "wanton" and constituting a recklessness or callous neglect for the safety of Plaintiff's Minor.

40. The Defendants' deliberate indifference was the "moving force" behind the injuries suffered by the Plaintiff's Minor.

41. As a direct and proximate result of the Defendants gross negligence and discrimination, Plaintiff suffered injuries as set forth herein.

42. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered severe embarrassment, humiliation, and mental and emotional distress and anguish.

43. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered severe emotional, physical, and mental distress, anguish and

economic loss in excess of $75,000 exclusive of costs, interest, and attorney fees.

## COUNT I
## 42 U.S.C § 1983-VIOLTATION OF PLAINTIFF MINOR'S 4th and 14TH AMENDMENT RIGHTS

44. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

45. At all times relevant hereto, Defendant, SCOTT, was acting under the color of state law and in his capacity as a substitute teacher for Defendant DISTRICT and his acts and/or omissions were conducted within the scope of his official duties and employment.

46. Plaintiff's Minor, PH, had the clearly established right under the Fourth and Fourteenth Amendment to be free from excessive force, unlawful detention, and wrongful restraint by a school employee.

47. Under all the circumstances known to Defendant, SCOTT, the physical force used against Plaintiff's Minor, PH, was objectively unreasonable and clearly excessive.

48. Plaintiff's Minor, PH was physically assaulted and posed no threat to Defendant SCOTT or the public, and that by being verbally and physically assault, thereby causing injury, Defendant SCOTT violated Plaintiff's

Minor's clearly established right to be free from unnecessary force, unreasonable force, and excessive force pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

49. At all times relevant hereto, Plaintiff's Minor, PH, was unarmed, walking away from Defendant SCOTT and did not pose a threat to the safety of Defendants or others.

50. At all times relevant hereto, Plaintiff's Minor, PH, had not violated any school policy, rule or regulation.

51. The misconduct of Defendant, SCOTT, directly and proximately caused Plaintiff's Minor, PH, to suffer numerous injuries including, but not limited to:

   a. Post-Traumatic Stress Disorder;
   b. Pain and suffering;
   c. Back pain;
   d. Neck pain;
   e. Anxiety;
   f. Mental Anguish;
   g. Emotional distress;
   h. Fright and Shock;
   i. Humiliation and/or mortification;
   j. Medical expenses;
   k. Punitive damages;
   l. Exemplary Damages;

m. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

n. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

o. Any other damages allowed by law.

52. The acts and/or omissions of Defendant, SCOTT, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff's Minor, PH. Plaintiff therefore request an award of punitive and exemplary damages. Plaintiffs have retained private counsel to represent them in this matter and are entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff BAYLON HERMAN, as Next Friend of Plaintiff's Minor, PH, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO THE 14TH AMENDMENT TO THE CONSTITUTION AND 42 U.S.C. §1983, 1988  STATE CREATED DANGER AS TO DEFENDANTS ALL DEFENDANTS**

53. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W
VAHDAT WEISMAN

54. As a citizen of the United States Plaintiff's Minor PH is entitled to all rights, privileges, and immunities accorded to all citizens of the State of Michigan and of the United States.

55. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiff's Minor PH, had a clearly established right to be free from danger created and/or increased by the Defendants.

56. At all times relevant hereto, that the Defendants, DISTRICT and SCOTT, were acting under the color of state law and created and/or increased a state created danger by substantially increasing the risk of harm to Plaintiff's Minor PH and in reckless disregard to Plaintiffs' safety, thereby increasing the risk that Plaintiff's Minor would be exposed to Defendant SCOTT's acts of violence.

57. That actions by Defendants, YPSILANTI COMMUNITY SCHOOL, ZACHERY-ROSS, DAVIS, HARRIS and PAYNE under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately and indifferently to Plaintiffs' Minor, PH and in reckless disregard to her safety.

58. That each and all Defendants, were acting under the color of state law when they deprived Plaintiffs' Minor, PH of his clearly established rights,

privileges, and immunities in violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

59. Defendants created and tolerated an atmosphere of lawlessness, and has developed and maintained long-standing, school-wide customs, policies, procedures, customs, practices, and/or failed to properly train and/or supervise its teachers and employees in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff's Minor and of the students of the Auburn Elementary School.

60. Defendants, through their own actions and/or policies, practices, procedures and supervision, or lack thereof, violated clearly established law and no reasonable official would believe the actions described herein were lawful.

61. At all times relevant to this Complaint, Defendant DISTRICT had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of Defendant SCOTT.

62. That Defendants exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, by taking affirmative actions resulting in the students and Plaintiff's Minor in particular being less safe than they were before the actions and inactions of each and every Individual Defendant.

63. Defendants are liable for the violation of Plaintiff's federal constitutional rights pursuant to 42 U.S.C. § 1983 in failing to provide proper supervision and training to prevent this type of unlawful, discriminatory abuse.

64. As specifically set forth above, were the proximate cause of Plaintiff's Minor's injuries and damages, including but not limited to the following:

    a.  Post-Traumatic Stress Disorder

    b.  Pain and suffering;

    c.  Back pain;

    d.  Neck pain;

    e.  Anxiety;

    f.  Mental Anguish;

    g.  Emotional distress;

    h.  Fright and Shock;

    i.  Humiliation and/or mortification;

    j.  Medical expenses;

    k.  Punitive damages;

    l.  Exemplary Damages;

    m.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

    n.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    o.  Any other damages allowed by law.

65. Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiff BAYLON HERMAN, as Next Friend of Plaintiff's Minor, PH, respectfully request this Honorable Court enter a judgment in their favor against

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT III**
**DELIBERATE INDIFFERENCE –**
**VIOLATION OF DUE PROCESS**
**AND THE 4TH AMENDMENT TO THE U.S. CONSTITUTION**
**ACTIONABLE PURSUANT TO 42 USC §1983**

66. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

67. Defendant SCOTT purposely and intentionally detained, accosted, assaulted, threatened physically abused, and battered the Plaintiff's Minor knowing that such use of force was unreasonable and unnecessary under the circumstances.

68. Such actions constitute a violation under color of law of Plaintiff's Minor fundamental substantive due process rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

69. Plaintiff's Minor constitutionally protected rights that Defendants violated include her right to liberty protected in the substantive component of the Due Process Clause of the Fourth and Fourteenth Amendment, which includes personal safety, and her right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment.

70. The Defendants owed Plaintiff's Minor a duty to act prudently and with reasonable care and to otherwise avoid the use of unnecessary, unreasonable, excessive coercion or force.

71. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiffs' Minor, PH, had a clearly established right to be free from dangers created by the Defendants.

72. That actions and omissions by Defendants under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately and indifferently to Plaintiff's Minor, PH, and in reckless disregard to her safety.

73. That Defendant SCOTT was acting under the color of state law when he deprived Plaintiff's Minor, PH of their clearly established rights, privileges, and immunities in violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

74. The Defendants exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, to be free from acts that create the risk of harm and/or increase the risk of harm that an individual will be exposed to private acts of violence.

75. That the above-described conduct of Defendants, as specifically set forth above, were the proximate cause of Plaintiff's Minor's injuries and damages, including but not limited to the following:

   a. Post-Traumatic Stress Disorder

   b. Pain and suffering;

   c. Back pain;

   d. Neck pain;

   e. Anxiety;

   f. Mental Anguish;

   g. Emotional distress;

   h. Fright and Shock;

   i. Humiliation and/or mortification;

   j. Medical expenses;

   k. Punitive damages;

   l. Exemplary Damages;

   m. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

   n. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

   o. Any other damages allowed by law.

76. Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiff BAYLON HERMAN, as Next Friend of Plaintiff's Minor, PH, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000)

Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT IV**
**42 U.S.C. § 1983 – _MONELL_ LIABILITY**
**DEFENDANT YPSILANTI COMMUNITY SCHOOL DISTRICT**

77. Plaintiffs hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

78. At all times relevant, Defendant DISTRICT failed adequately to train, discipline and supervise Defendant SCOTT, promulgating and maintaining de facto unconstitutional customs, policies, or practices rendering them liable for the constitutional violations alleged herein under _Monell v. Dept. of Social Services of the City of New York,_ 436 U.S. 658 (1978).

79. At all times relevant, Defendant DISTRICT knew or should have known that the policies, procedures, training supervision and discipline of Defendant, SCOTT, were inadequate for the tasks that Defendant SCOTT was required to perform.

80. At all times relevant, Defendant DISTRICT failed to establish, implement, or execute adequate policies, procedures, rules and regulations to ensure that their actions did not create or increase the risk Plaintiffs' Minor PH, would be exposed to acts of violence.

81. At all times relevant, Defendant DISTRICT failed to establish, implement, or execute adequate policies, procedures, rules and regulations to ensure that their teachers and staff do not take actions that create or increase the risk of harm to district's students at Auburn Elementary School, such as Plaintiffs' Minor PH.

82. At all times relevant, Defendant YPSILANTI COMMUNITY SCHOOL DISTRICT was on notice or should have known, of a history, custom, propensity, and pattern for Defendant SCOTT and other employees of Auburn Elementary School, to fail to properly identify a school employee with violent tendencies and acted in such a way that created a risk of harm to Auburn Elementary School students and/or increased a risk of harm to Auburn Elementary School students, such as Plaintiff's Minor, PH.

83. Defendant DISTRICT explicitly and implicitly authorized, approved, or knowingly acquiesced in the deliberate indifference to the strong likelihood that constitutional violations, such as in the instant case, would occur, and pursued policies, practices, and customs that were a direct and proximate cause of the deprivations of Plaintiffs' constitutional rights.

84. At all times relevant, Defendant DISTRICT knew that its policies, procedures, customs, propensity and patterns of supervising and/or investigating an

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

employee with violent tendencies and demeanor, would deprive citizens, such as Plaintiffs' Minor PH, of their constitutional rights.

85. At all times relevant, Defendant DISTRICT knew that its policies, procedures, customs, propensity and patterns allowed principals, assistant principals, hall-monitors, and teachers to return an employee with violent tendencies and demeanor back to regular job status such that their actions and/or inactions created a risk of harm and/or an increased risk of harm to the students at Auburn Elementary School before getting permission from proper authorities.

86. By inadequately training and/or supervising their principals, assistant principals, hall-monitors, and teachers and having a custom or policy of deliberate indifference to the constitutional rights of their citizens, Defendant, DISTRICT, encouraged and cultivated the conduct which violated Plaintiff Minor's rights under the Fourteenth Amendments of the United States Constitution, and provided clearance for Defendant SCOTT to commit his acts of violence, thereby increasing the risk that Plaintiff's Minor, PH, would be exposed to Defendant SCOTT's acts of violence.

87. That the above-described conduct of Defendants was the proximate cause of Plaintiffs' Minor, PH's injuries and damages, including but not limited to the following:

    a. Post-Traumatic Stress Disorder;

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W
VAHDAT WEISMAN

b.  Pain and suffering;

c.  Back pain;

d.  Neck pain;

e.  Anxiety;

f.  Mental Anguish;

g.  Emotional distress;

h.  Fright and Shock;

i.  Humiliation and/or mortification;

j.  Medical expenses;

k.  Punitive damages;

l.  Exemplary Damages;

m.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

n.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

o.  Any other damages allowed by law.

88. Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiff BAYLON HERMAN, as Next Friend of Plaintiff's Minor, PH, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## <u>COUNT V</u>
## <u>ASSAULT AND BATTERY, DEFENDANT SCOTT</u>

89. Plaintiff herein incorporates by reference all other paragraphs of this Complaint as if fully set herein.

21

Attorneys & Counselors at Law

VAHDAT WEISMAN
L A W

V|W

90. At all times relevant hereto, Defendant, SCOTT, made threatening movements creating within Plaintiff's Minor, PH, a well-founded fear of imminent peril and/or contact.

91. Defendant, SCOTT, had the apparent ability to carry out the act if not prevented.

92. Defendant, SCOTT, physically attacked Plaintiff's Minor, PH, when he pulled Plaintiff's Minor's hair and pulled out the beads in her hair.

93. Defendant SCOTT willfully and intentionally assaulted, and battered the Plaintiff's Minor.

94. As a direct and proximate result of Defendant SCOTT's assault and battery of Plaintiff's Minor, Plaintiff's Minor suffered injury and damage, past, present and future, including the following:

   a. Post-traumatic stress disorder;

   b. Pain and suffering;

   c. Back pain;

   d. Neck pain;

   e. Headaches;

   f. Anxiety;

   g. Mental Anguish;

   h. Emotional distress;

   i. Fright and Shock;

   j. Humiliation and/or mortification;

   k. Medical expenses;

l.  Punitive damages;

m. Exemplary Damages;

n.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

o.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

p.  Any other damages allowed by law.

**WHEREFORE**, Plaintiff BAYLON HERMAN, as Next Friend of Plaintiff's Minor, PH, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT VI- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS TO PLAINTIFF'S MINOR PH BY ALL DEFENDANTS

95. Plaintiffs' Minor hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

96. At the time of the above-described incident, Defendants acted in an extreme and outrageous manner. Their actions went beyond all bounds of decency.

97. At the time of the above-described incident, Defendants acted in a manner that was so reckless as to demonstrate a substantial lack of concern for whether an injury results.

23

98. Defendants intentionally and/or recklessly caused young PH to suffer severe mental and emotional distress and to be injured physically, mentally, and emotionally.

99. The actions of Defendants caused serious emotional injuries resulting in physical manifestations and/or physical consequences as the direct result of Defendants' conduct including, but not limited to increased anxiety, headaches, nightmares, neck pain, back pain, mental anguish.

100.    Additionally, and as the direct result of the actions taken by the Defendants Plaintiff's Minor, suffered serious injuries to her person including, but not limited to:

    a.  Post-traumatic stress disorder;

    b.  Pain and suffering;

    c.  Back pain;

    d.  Neck pain;

    e.  Anxiety;

    f.  Mental Anguish;

    g.  Emotional distress;

    h.  Fright and Shock;

    i.  Humiliation and/or mortification;

    j.  Medical expenses;

    k.  Punitive damages;

    l.  Exemplary Damages;

    m. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

n. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

o. Any other damages allowed by law

**WHEREFORE**, Plaintiff BAYLON HERMAN, as Next Friend of Plaintiff's Minor, PH, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

**VAHDAT WEISMAN LAW**

BY: */s/ Raquel Muñoz*
RAQUEL MUNOZ (P77420)
*Attorney for Plaintiff*
17197 N. Laurel Park Dr. Ste 500
Livonia, MI 48152
(734) 469-4994
raquel@thevwlaw.com

Dated: July 29, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BAYLON HERMAN, next friend of        )
Minor PH,                             )
                                      )    Case No.
    Plaintiff,   )    Hon.
                                      )    Mag.
v.                                    )
                                      )
AVONDALE SCHOOL DISTRICT,  and        )    **JURY DEMAND**
JEFFREY SCOTT,                        )
In their individual and official capacity, jointly )
    and severally )
                                      )
    Defendants.  )
_____ )

## DEMAND FOR TRIAL BY JURY

    NOW COMES Plaintiff, BAYLON HERMAN as Next Friend of Minor PH, by and through their attorney, RAQUEL MUÑOZ of VAHDAT WEISMAN LAW and hereby demands a trial by jury in the above-captioned matter.

                    Respectfully submitted,

                    **VAHDAT WEISMAN LAW**

                    BY: */s/ Raquel Muñoz*
                    RAQUEL MUNOZ (P77420)
                    *Attorneys for Plaintiff*
                    17197 N. Laurel Park Dr. Ste 500
                    Livonia, MI 48152
                    (734) 469-4994
Dated: July 29, 2024         raquel@thevwlaw.com

Attorneys & Counselors at Law

VAHDAT WEISMAN LAW